Stephen G. Recordon (SBN 91401)
**Recordon & Recordon**
225 Broadway, Suite 1900
San Diego, CA 92101
Telephone: (619) 232-1717
Facsimile: (619) 232-5325
Email: sgrecordon@aol.com

Attorneys for Plaintiff JOSE BENAVIDES

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE BENAVIDES, | CASE No. |
| | |
| Plaintiff, | COMPLAINT FOR: |
| | 1. VIOLATIONS OF THE MAGNUSON-MOSS WARRANTY ACT, |
| vs. | 2. THE SONG-BEVERLY CONSUMER WARRANTY ACT, |
| VOLKSWAGEN AKTIENGESELLSCHAFT and VOLKSWAGEN GROUP OF AMERICA, INC, | 3. THE CONSUMER LEGAL REMEDIES ACT, |
| | 4. BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY UNDER CALIFORNIA COMMERCIAL CODE §2314, |
| Defendants. | 5. BREACH OF CONTRACT, |
| | 6. VIOLATIONS OF CALIFORNIA BUSINESS AND PROFESSIONS CODE §17200 ET SEQ., |
| | 7. VIOLATIONS OF CALIFORNIA BUSINESS AND PROFESSIONS CODE §17500 ET SEQ., |
| | 8. FRAUD AND |
| | 9. NEGLIGENCE |

Complaint

**INTRODUCTION**

1.    Plaintiff Jose Benavides, through his counsel, brings this action to challenge the acts of Volkswagen Aktiengesellschaft ("Volkswagen AG"), also known as Volkswagen AG and Volkswagen Group, and Volkswagen Group of America, Inc ("VGA") regarding the fraudulent manufacture and sale of a defective 2009 diesel Volkswagen Jetta to Plaintiff, and the subsequent concealment of this fraud, and Plaintiff suffered damage as a result of these acts.

2.    Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

3.    While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4.    Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

**JURISDICTION AND VENUE**

5.    Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1332 and 28 U.S.C. § 1367 for supplemental state claims.

6.    This action arises out of Defendants' violations of the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301 et seq., of the Song-Beverly Consumer Warranty Act, California Civil Code §§1790 et seq., and the Consumer Legal Remedies Act ("CLRA"), California Civil Code §§1750 et seq., breach of contract, breach of the implied warranty of merchantability under California Commercial Code §3214, fraud under California Civil Code §1709 and negligence.

7.    As Defendants do business in the state of California, and committed the acts that form the basis for this suit with the intent to cause effects in the state of California, this Court has personal jurisdiction over Defendants for purposes of this action.

Complaint

8.      Venue is proper in the Northern District of California pursuant to the standing December 8, 2015 Multi-District Litigation ("MDL") order regarding Defendants' acts, Docket number 1 in case number 15-md-02672 CRB JSC.  Were there no standing MDL Order, venue would still be proper in California as at least one named Defendant does business in California and the acts at issue took place in California.

## PARTIES

9.      Plaintiff is a natural person, an adult, and resides in La Habra, California.

10.     Plaintiff is informed and believes and thereon alleges that Defendant Volkswagen AG is a German corporation, doing business in the state of California.

11.     Plaintiff is informed and believes and thereon alleges that Defendant VGA is a New Jersey corporation, doing business in the state of California.

## FACTS COMMON TO ALL CAUSES OF ACTION

**Federal and California law prohibits the sale of polluting vehicles and "defeat devices" in the United States**

*Emissions limits*

12.     The Clean Air Act prohibits the sale of any vehicle in the United States that fails to comply with the Environmental Protection Agency's ("EPA") emissions regulations. 42 U.S.C. § 7522.

13.     Federal regulations require vehicle manufacturers to apply for and obtain certifications that their vehicles meet applicable emission standards. 40 C.F.R. § 86.1843-01.

*Defeat devices*

14.     Defeat devices are expressly prohibited by federal regulations. *See* EPA, Advisory Circular Number 24: Prohibition on use of Emission Control Defeat Device (Dec. 11, 1972); *see also* 40 C.F.R. §§ 86-1809-01, 86-1809-10, 86-1809-12.

Complaint

15.     A defeat device is hardware or software that enables the vehicle to produce low emissions during emissions testing, but not during normal operation.

16.     The Clean Air Act makes it a violation for any person to sell, manufacture, or install any component in a motor vehicle "where a principal effect of the part or component is to bypass, defeat, or render inoperative any device or element of design installed on or in a motor vehicle . . . in compliance with the regulations under this subchapter, and where the person knows or should know that such part or component is being offered for sale or installed for such use or put to such use." Clean Air Act, 42 U.S.C. § 7522(a)(3)(B); 40 C.F.R. § 86.1854012(a)(3)(ii).

*California ARB*

17.     Similarly, auto manufacturers must be certified by the California Air Resources Board ("ARB") in order to sell vehicles in California, and must meet California's Low-Emissions Vehicle (LEV) II emission standards that generally became applicable to 2004 model years on forward. Cal. Code. Regs. Tit. 13 § 1961.

18.     On or about September 28, 2009, Plaintiff bought a 2009 diesel Volkswagen Jetta ("Vehicle") because he thought it was environmentally safe and provided good fuel efficiency, among other things, based on Defendants' representations.

19.     Defendants advertised that the Vehicle model at issue was a "clean diesel" that had good fuel efficiency, and presumably met the applicable EPA and ARB emissions standards, as it was being sold in the United States, and in California.

20.     In reality, the Vehicle did not meet the applicable EPA and ARB emissions standards.

21.     Defendants manufactured and sold Plaintiff a vehicle that did not meet the applicable EPA and ARB emissions standards, and therefore could not legally be sold.

Complaint

22.    Defendants knew that the vehicle at issue did not meet EPA and ARB emissions standards, and masked that fact by installing a "defeat device" on the vehicle.

23.    The sale of the vehicle to Plaintiff violated both federal and California law, but this illegal sale passed undetected because of the above "defeat device."

24.    On May 15, 2014, West Virginia University's "Center for Alternative Fuels, Engines and Emissions" published a study of the "real world" emissions of three diesel vehicles, including a Volkswagen four cylinder diesel Jetta and a four-cylinder Volkswagen diesel Passat.

25.    In that study both of the Volkswagen diesels were discovered not to comply with United States and California emissions standards.

26.    After the above study, ARB began testing Volkswagen four cylinder diesel vehicles, and on July 8, 2015 reported to the EPA and Volkswagen that these vehicles did not meet California emissions standards.

27.    On September 18, 2015, both the EPA and ARB sent letters to Volkswagen advising Volkswagen that their four cylinder diesel vehicles did not meet United States or California emissions standards.

28.    Volkswagen AG has since admitted that Volkswagen four cylinder diesel vehicles, including the vehicle at issue here, were equipped with a "defeat device" and do not meet United States and California emissions standards.

29.    Defendants will not be able to adequately fix the Vehicle. The EPA has ordered Volkswagen AG and VGA to bring their four cylinder diesel vehicles into compliance with the emissions standards of the Clean Air Act, but doing so will materially compromise the vehicles' performance and/or fuel efficiency.

30.    Even if Defendants are able to make the Vehicle EPA-compliant through a retrofit, the vehicle will no longer perform as previously represented to the public and consumers, and Plaintiff will be deprived of the benefits Volkswagen promised and for which Plaintiff bargained when they purchased the Vehicle.

Complaint

31.     As a result, the Vehicle does not function as a reasonable consumer would expect, and has lost considerable value. Moreover, Plaintiff will incur additional expenses at the pump as a result of the decreased fuel efficiency.

32.     Volkswagen failed to disclose these material facts to the public and to consumers. Had Plaintiff known of the defect at the time he decided to purchase the Vehicle, he would have declined to purchase the Vehicle, or would have paid considerably less than he did.

33.     In sum, Volkswagen's deliberate deception has caused significant harm to Plaintiff.

34.     On February 9, 2016, Plaintiff sent a letter to Defendants by certified mail advising Defendants of the above defects, and requesting that Defendants provide a place, time and manner in which they would cure the above defects.  See Exhibit A.

35.     Plaintiff also put Defendants on notice that the acts described above were violations of the Magnuson-Moss Warranty Act, California's Song-Beverly Consumer Warranty Act, California's Consumer Legal Remedies Act, California Business and Professions Code §§17200 et seq and §§17500 et seq, California's Commercial Code and Plaintiff's common law rights.

36.     Defendants did not provide a place, time and manner in which they would cure the above defects, nor did they cure the above defects.

## ALLEGATIONS SPECIFIC TO CERTAIN CAUSES OF ACTION
## FIRST CLAIM FOR RELIEF
### (Violations of the Magnuson-Moss Warranty Act)

37.     Plaintiff repeats, re-alleges and incorporates herein by reference the allegations contained in the paragraphs above.

38.     Defendants provided Plaintiff with several written warranties as defined by 15 U.S.C. § 2301(6).

/ / /

Complaint

39.    Defendants provided Plaintiff with a Manufacturer's Warranty, which directly applies to the Vehicle. This provides a bumper-to-bumper limited express warranty coverage for a minimum of three (3) years or 36,000 miles (depending on whichever comes first), or sometimes longer, and includes emissions related repairs.

40.    Defendants also provided to Plaintiff a Federal Emissions Warranty with a "performance warranty" and a "design and defect warranty," as required by federal law and which directly applies to the Vehicle. If the Vehicle fails an emissions test, the warranty covers all emissions-related parts for two (2) years or 24,000 miles (whichever comes first). Additionally, the warranty covers specified major control components for eight (8) years or 80,000 miles (whichever comes first), which includes the catalytic converters, the electronic emissions control unit, and the onboard emissions diagnostic device.

41.    Defendants also provided a California Emissions warranty to Plaintiff. Vehicles certified to meet California emissions standards and registered in states which have adopted those standards are also entitled to coverage under the California Emissions Warranty. Under California law, all emissions related performance and parts are covered for three (3) years or 50,000 miles (whichever comes first), and a vehicle-specific list of more expensive emissions related parts is covered for seven (7) years or 70,000 miles (whichever comes first). In addition, the eight (8) year or 80,000 mile coverage for the catalytic converter, engine control unit, and onboard diagnostic device required by federal law also applies. 13 Cal. Code. Regs. § 2038; *See* Cal. Health & Safety Code § 43205.

42.    Defendants provided express written warranties to Plaintiff.

43.    Defendants also provided Plaintiff with an implied warranty of merchantability in connection with the purchase or lease of their Vehicle that is an "implied warranty," as that term is defined in § 2301(7) of Magnuson-Moss.

/ / /

/ / /

Complaint

-7-

44.     As part of the implied warranty of merchantability, Defendants warranted that the Vehicle would pass without objection in commerce as designed, manufactured, and marketed, and were adequately labeled.

45.     As demonstrated above, Defendants failed to comply with the terms of their express and implied warranties with regard to Plaintiff. Defendants breached these warranties because the Vehicle has a defeat device installed and is not compliant with federal and state emissions standards. Repairing and redressing such issues will materially alter the Vehicle's represented fuel economy, the performance, and the value.

46.     The Vehicle is a "consumer product" as that term is defined in § 2301(1) of Magnuson-Moss.

47.     Each Defendant is a "supplier" and "warrantor," as that term is defined in §§ 2301(4) and 2301(5) of Magnuson-Moss.

48.     Plaintiff is a "consumer" as that term is defined in 15 U.S.C. §2301(3).

49.     Although the amount in controversy has yet to be computed, Defendants' breach of warranty deprived Plaintiff of an amount in controversy that meets or exceeds $25.00.

50.     Although the amount in controversy has yet to be computed, the amount in controversy of all of Plaintiff's claims in this suit against Defendants exceeds $50,000.00.

51.     Since at least May 2014, Defendants could have responded to the West Virginia study and the inquiries made by the EPA and ARB regarding their breaches of warranties.

52.     Thus, Defendants have had reasonable and adequate notice of Plaintiff's claims of breach of Defendants' express and implied warranties from the sale of the Vehicle, to the extent notice is required, and were given a reasonable opportunity to cure their failure to comply with those warranties. However, Defendants did not cure.

Complaint

53.    Furthermore, on February 9, 2016, Plaintiff made a written demand to Defendants to cure the above defects, and gave Defendants a reasonable opportunity to provide a time, place and manner of curing the above defects, and Defendants did not cure the above defects.  See Exhibit A.

54.    As a result of Defendants' breach of their express and implied warranties through Magnuson-Moss, Plaintiff has been injured and is entitled to equitable relief and/or damages in a measure and amount to be determined. In addition, pursuant to 15 U.S.C. § 2310(d)(2), Plaintiff is entitled to costs and attorney's fees.

<u>**SECOND CLAIM FOR RELIEF**</u>

**(Violations of the Song-Beverly Consumer Warranty Act)**

55.    Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in the paragraphs above.

56.    The Vehicle is a "consumer good" within the meaning of Cal. Civ. Code §1791(a).

57.    Defendants are each a "manufacturer" within the meaning of Cal. Civ. Code section 1791(j).

*Express Warranty*

58.    Defendants provided Plaintiff with a Manufacturer's Warranty, which directly applies to the Vehicle. This provides a bumper-to-bumper limited express warranty coverage for a minimum of three (3) years or 36,000 miles (depending on whichever comes first), or sometimes longer, and includes emissions related repairs.

59.    Defendants also provided to Plaintiff a Federal Emissions Warranty with a "performance warranty" and a "design and defect warranty," as required by federal law and which directly applies to the Vehicle. If the Vehicle fails an emissions test, the warranty covers all emissions related parts for two (2) years or 24,000 miles (whichever comes first). Additionally, the warranty covers specified major control components for eight (8) years or 80,000 miles (whichever comes

first), which includes the catalytic converters, the electronic emissions control unit, and the onboard emissions diagnostic device.

60.    Defendants also provided a California Emissions warranty to Plaintiff. Vehicles certified to meet California emissions standards and registered in states which have adopted those standards are also entitled to coverage under the California Emissions Warranty. Under California law, all emissions related performance and parts are covered for three (3) years or 50,000 miles (whichever comes first), and a vehicle-specific list of more expensive emissions related parts is covered for seven (7) years or 70,000 miles (whichever comes first). In addition, the eight (8) year or 80,000 mile coverage for the catalytic converter, engine control unit, and onboard diagnostic device required by federal law also applies. 13 Cal. Code. Regs. § 2038; *See* Cal. Health & Safety Code § 43205.

*Implied Warranty of Merchantability*

61.    Defendants impliedly warranted to Plaintiff that the Vehicle was "merchantable" within the meaning of Cal. Civ. Code sections 1791.1(a) and 1792. Cal. Civ. Code section 1791.1(a) states: "Implied warranty of merchantability" or "implied warranty that goods are merchantable" means that the consumer goods meet each of the following:

(1)  Pass without objection in the trade under the contract description.

(2)  Are fit for the ordinary purposes for which such goods are used.

(3)  Are adequately contained, packaged, and labeled.

(4)  Conform to the promises or affirmations of fact made on the container or label.

62.    The Vehicle would not pass without objection in the automotive trade because the Vehicle does not conform in material respects with federal and California emissions standards, were sold with an illegal defeat device, as described above, and emit pollutants such as $NO_X$ by a factor of 10 to 40 times above the EPA compliant levels.

Complaint

63.     As described above, the Vehicle is not fit for ordinary purposes for which such goods are used.

64.     The Vehicle is not adequately labeled because the labeling misrepresents that the vehicle is compliant with federal and California emissions standards or fails to disclose such non-compliance.

65.     Defendants' conduct deprived Plaintiff of the benefit of the bargain and has caused the Vehicle to be worth less than what Plaintiff paid.

66.     As a direct and proximate result of Defendants' breach of its duties, Plaintiff received goods whose condition substantially impairs their value. Plaintiff has been damaged by the diminished value of the Vehicle, the Vehicle's malfunctioning, and actual and potential increased maintenance and repair costs.

67.     Plaintiff has complied with all obligations under the warranty, or otherwise has been excused from performance of said obligations as a result of Defendants' conduct described herein.

68.     Plaintiff requested that Defendants repair the above defects, or provide restitution, and Defendants have failed to do so within a reasonable time.

69.     Plaintiff is entitled to damages and other legal and equitable relief including, at Plaintiff's election, the purchase price of the Vehicle, or the overpayment or diminution in value of the Vehicle, and is also entitled to attorney fees and costs.

70.     Furthermore, Defendants' failure to comply with California Civil Code §1790 et seq was willful, as Defendants were aware of both the defects described above, and were also aware that they were unable or unwilling to repair the Vehicle, and notwithstanding this fact, failed and refused to replace the Vehicle with a non-defective vehicle, or otherwise make restitution.  Given this fact, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to California Civil Code §1794(c).

/ / /

Complaint

## THIRD CLAIM FOR RELIEF

### (Violations of the Consumer Legal Remedies Act)

71.     Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in the paragraphs above.

72.     Plaintiff is a "consumer" as defined by Cal. Civ. Code § 1761(d).

73.     The Vehicle at issue in this action constitutes a "good" as defined by Cal. Civ. Code § 1761(a).

74.     The acts and practices of Defendants as discussed throughout the Complaint, constitute "unfair or deceptive acts or practices" by Defendants, that are unlawful, as enumerated in section 1770(a) of the California Civil Code, specifically in at least the following CLRA provisions:

      a.    California Civil Code §1770(a)(5): Representing that goods have characteristics, uses, and benefits which they do not have;

      b.    California Civil Code §1770 (a)(7): Representing that goods are of a particular standard, quality, or grade, if they are of another;

      c.    California Civil Code §1770 (a)(9): Advertising goods with the intent not to sell them as advertised; and

      d.    California Civil Code §1770 (a)(16): Representing that goods have been supplied in accordance with a previous representation when they have not.

75.     Plaintiff has suffered injury in fact and actual damages resulting from Defendants' material omissions and misrepresentations because he paid an inflated purchase price for the Vehicle.

76.     Pursuant to § 1782 of the CLRA, by letter dated February 9, 2016, Plaintiff notified Defendants in writing of the particular violations of § 1770 of the CLRA and demanded that Defendants rectify the actions described above. Plaintiff sent this notice by certified mail, return receipt requested, to Defendants' agents for service of process. A copy of this letter is attached as Exhibit A.

Complaint

-12-

77.    On information and belief, Defendants' conduct alleged herein was and is fraudulent within the meaning of Cal. Civil Code § 3294(a) and (c)(3), and all such conduct was undertaken with the advanced authorization of officers, directors and/or authorized agents of Defendants.

78.    Pursuant to § 1780(d) of the CLRA, attached hereto as Exhibit B is the affidavit showing that this action has been commenced in the proper forum.

## FOURTH CLAIM FOR RELIEF

### (Violations of the Implied Warranty of Merchantability under California Commercial Code §2314)

79.    Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in the paragraphs above.

80.    Defendants are "merchants" as to the products within the meaning of California Commercial Code § 2104. Defendants manufactured, distributed and marketed the Vehicle, which is a "good" within the meaning of California Commercial Code § 2105. Consequently, pursuant to California Commercial Code § 2314, it impliedly warranted the Vehicle was merchantable.

81.    "Implied warranty of merchantability" or "implied warranty that goods are merchantable" means that the consumer goods meet each of the following:

(1)  Pass without objection in the trade under the contract description.

(2)  Are fit for the ordinary purposes for which such goods are used.

(3)  Are adequately contained, packaged, and labeled.

(4)  Conform to the promises or affirmations of fact made on the container or label.

82.    Plaintiff purchased Defendants' Vehicle.

/ / /

/ / /

/ / /

/ / /

Complaint

83.     The Vehicle would not pass without objection in the automotive trade because the Vehicle does not conform in material respects with federal and California emissions standards, was sold with an illegal defeat device, as described above, and emits pollutants such as $NO_x$ by a factor of 10 to 40 times above the EPA compliant levels.

84.     As described above, the Vehicle is not fit for ordinary purposes for which such goods are used.

85.     The Vehicle is not adequately labeled because the labeling misrepresents that the vehicle is compliant with federal and California emissions standards or fails to disclose such non-compliance.

86.     Defendants' conduct deprived Plaintiff of the benefit of the bargain and has caused the Vehicle to be worth less than what Plaintiff paid.

87.     As a direct and proximate result of Defendants' breach of its duties, Plaintiff received goods whose condition substantially impairs their value. Plaintiff has been damaged by the diminished value of the Vehicle, the Vehicle's malfunctioning, and actual and potential increased maintenance and repair costs.

88.     As provided by California Commercial Code § 2607, Plaintiff notified Defendants in writing of its breach of warranty to give Defendants the opportunity to cure such breach. Plaintiff sent this notice by certified mail, return receipt requested, to Defendants' registered agents for service of process. A copy of this letter is attached as Exhibit A.

89.     Defendants have not cured the above breach of warranty. As a proximate result of this breach of warranty by Defendants, Plaintiff has suffered damages in an amount to be determined at trial.

## FIFTH CLAIM FOR RELIEF

### (Breach of Contract and the Covenant of Good Faith and Fair Dealing)

90.     Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in the paragraphs above.

Complaint

91.    To the extent Defendants' limited remedies are deemed not to be warranties under California's Commercial Code, Plaintiff pleads in the alternative under common law warranty and contract law.  Defendants limited the remedies available to Plaintiff to repairs and adjustments needed to correct defects in materials or workmanship of any part supplied by Defendants and/or warranted the quality or nature of those services to Plaintiff.

92.    Defendants breached this warranty or contract obligation by failing to repair or replace the Vehicle's defective emissions systems.

93.    The material terms of the contract also included the implied covenant of good faith and fair dealing, whereby Defendants covenanted that they would, in good faith and in the exercise of fair dealing, deal with Plaintiff fairly and honestly and do nothing to impair, interfere with, hinder, or potentially injure Plaintiff's rights and benefits under the contract.

94.    Plaintiff has performed all conditions, covenants, and promises required to be performed in accordance with the terms and conditions of the contract.

95.    Defendants breached the contract and the implied covenant of good faith and fair dealing by, inter alia, equipping the Vehicle with defective emissions standards that were not in compliance with federal and state emissions standards.

96.    As a direct and proximate result of Defendants' breach of contract or common law warranty, Plaintiff has been damaged in an amount to be proven at trial, which shall include, but is not limited to, all compensatory damages, incidental and consequential damages, attorney's fees and costs and other damages allowed by law.

## SIXTH CLAIM FOR RELIEF

### (Violations of California Business and Professions Code §17200 et seq)

97.    Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in the paragraphs above.

Complaint

98.    Defendants' acts and practices, as alleged in this complaint, constitute unlawful, unfair, and fraudulent business practices, in violation of the Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.*

99.    Defendants' acts and practices constitute unlawful business practices, as discussed elsewhere in this Complaint, in that they violate section 203(a)(3)(B) of the Clean Air Act (CAA), 42 U.S.C. §7522(a)(3)(B) and its implementing regulations; section 203(a)(1) of the CAA, 42 U.S.C. § 7522(a)(1) and its implementing regulations; the Magnuson-Moss Warranty Act (15 U.S.C. §§ 2301, *et seq.*); California's Consumers Legal Remedies Act (California Civil Code §§ 1750, *et seq.*); California's Song-Beverly Consumer Warranty Act (California Civil Code §§ 1791, *et seq.*); California law governing vehicle emissions (*e.g.* 13 C.C.R. §§ 1965, 2038); and breach of Volkswagen AG and VGA's warranties.

100.    Defendants' acts and practices constitute unfair practices in that (i) they are unethical, unscrupulous, and substantially injurious to consumers; (ii) any legitimate utility of Defendants' conduct is outweighed by the harm to Plaintiff; (iii) the injury is not one that Plaintiff reasonably could have avoided; and/or (iv) the conduct runs afoul of the policies underlying the federal Clean Air Act, its implementing regulations, and California emissions standards, which seek to minimize harmful emissions and provide consumers with accurate information about the pollutant levels emitted by vehicles placed in the stream of commerce.

101.    Defendants' acts and practices constitute fraudulent practices in that they are likely to deceive Plaintiff, who would not have purchased the Vehicle, or would have paid substantially less for the Vehicle, had Volkswagen adequately disclosed that the Vehicle failed to comply with federal and California emissions standards.

102.    As a direct and proximate result of Defendants' unlawful, unfair, and fraudulent business practices, Plaintiff has suffered injury in fact and lost money or property, in that he bought the Vehicle when he otherwise would not have, overpaid

Complaint

for the Vehicle, did not receive the benefit of his bargain, and the Vehicle suffered a diminution in value. In addition, Plaintiff will incur additional fuel costs, and a diminution in the performance of the Vehicle, if and when the Vehicle is altered in order to bring it into compliance with federal and state emissions standards. Meanwhile, Defendants have sold or leased more vehicles than they otherwise could have and charged inflated prices for these vehicles, thereby unjustly enriching itself.

## SEVENTH CLAIM FOR RELIEF

### (Violations of California Business and Professions Code §17500 et seq)

103.    Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in the paragraphs above.

104.    California's False Advertising Law prohibits any "unfair, deceptive, untrue, or misleading advertising." Cal. Bus. & Prof. Code § 17500. This prohibition extends to advertising which is false, and also advertising which, although true, is either actually misleading or which has a capacity, likelihood or tendency to deceive or confuse the public.

105.    Through advertising, marketing, and other publications described at length above, Defendants disseminated, or caused to be disseminated, in California and nationally, statements regarding their vehicles which were false or misleading, including that these vehicles are "Clean Diesel" vehicles when, in fact, they did not meet federal or California emissions standards.

106.    Defendants' misrepresentations and omissions regarding their vehicles' emissions compliance, its performance, and its fuel efficiency were material and likely to deceive reasonable consumers such as Plaintiff.

107.    Volkswagen AG and VGA knew or should have known these statements were false and misleading and would deceive consumers, including Plaintiff.

/ / /

/ / /

Complaint

108.    Plaintiff has suffered injury-in-fact, including the loss of money and property, as a result of Defendants' misrepresentations and omissions, which are unfair, deceptive, untrue, or misleading in violation of the False Advertising Law.

109.    Plaintiff would not have purchased the Vehicle had he known of the deceptive nature of Defendants' misrepresentations and omissions, or he would have paid less for the Vehicle. Also, Plaintiff will incur additional fuel costs, and a diminution in the performance of the Vehicle, if and when the Vehicle is altered in order to bring it into compliance with federal and state emissions standards.

### EIGHTH CLAIM FOR RELIEF
### (Fraud)

110.    Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in the paragraphs above.

111.    Defendants intentionally concealed and suppressed material facts concerning the quality of their vehicles by engaging in a scheme to evade federal and California vehicle emissions standards by installing defeat devices designed to conceal its vehicles' emissions of nitrogen oxides during normal operation.

112.    Plaintiff reasonably relied upon Defendants' false representations. Plaintiff had no way of knowing that Defendants' representations were false and misleading.

113.    Defendants' false representations were material to Plaintiff, because they concern the quality of the Vehicle, including the Vehicle's compliance with applicable federal and California law and regulations. The representations were also material because they played a significant role in the value of the Vehicle.

114.    Defendants had a duty to disclose that the Vehicle was defective and contained a defeat device because Defendants had exclusive knowledge as to the implementation and maintenance of its scheme, and because Defendants knew the facts were not known or reasonably discoverable by Plaintiff.

/ / /

Complaint

115.   Defendants also had duty to disclose that the Vehicle was defective and contained a defeat device because they made general affirmative representations about the qualities of their vehicles regarding emissions standards which were misleading, deceptive, and incomplete without the disclosure of the additional facts set forth above.

116.   Defendants are sophisticated manufacturers of motor vehicles who sell vehicles to a public that relies on the Defendants' expertise and truthfulness. The omitted and concealed facts were material because they directly impacted the value of the Vehicle that Plaintiff bought.

117.   Defendants actively concealed and/or suppressed these material facts with the intention, in whole or in part, to profit at the expense of Plaintiff and the public.

118.   Plaintiff had no knowledge of, and had no reason to know, that Defendants have concealed or suppressed these material facts. In fact, given their deliberately complex and secretive scheme, which even fooled federal and state regulators, such facts were exclusively known by Defendants.

119.   Plaintiff relied upon Defendants' misrepresentations to his detriment. Plaintiff would not have purchased the Vehicle for the price he paid or would have taken other affirmative steps in light of the information concealed from him, had Defendants not concealed or suppressed these material facts.

120.   Defendants' intentional deceptive conduct induced Plaintiff to purchase the Vehicle.

121.   Because of the concealment, suppression, or misrepresentation of the facts alleged herein, Plaintiff has sustained damage because he paid for and now owns a Vehicle that is diminished in value. Defendants' conduct was a substantial factor in causing Plaintiff's damages.

/ / /

/ / /

Complaint

122.   As a result of Defendants' fraudulent concealment and/or misrepresentation, Plaintiff's Vehicle has lost significant value. Plaintiff is thus entitled to damages in an amount to be determined.

123.   Because Defendants' conduct was wanton, deliberate, oppressive and malicious, or in reckless disregard of Plaintiff's rights, Plaintiff is entitled to an award of punitive or exemplary damages in an amount to be determined.

## NINTH CLAIM FOR RELIEF

### (Negligence)

124.   At all times relevant, Defendants were under a duty to exercise reasonable care in the manufacture, sale, marketing, and distribution of their vehicles to ensure that these cars met the environmental restrictions imposed by CARB and the EPA, that they did not contain illegal defeat devices and that they performed in accordance with the representations Defendants made in their marketing materials.

125.   Defendants breached their duty of care in that the Vehicle purchased by plaintiff, and approximately 11 million other Volkswagen cars were secretly equipped with a defeat device.

126.   As a direct and proximate result of the acts and omissions of Defendants alleged here, Plaintiff has been damaged in an amount subject to proof at the time of trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against all named Defendants, and prays for the following relief:

1.    An award of actual damages according to proof;

2.    For restitution;

3.    For a civil penalty of two times Plaintiff's actual damages pursuant to California Civil Code §1794(c);

Complaint

4.      For punitive damages;

5.      For consequential and incidental damages;

6.      An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. 2310(d)(2), and California Civil Code §§1717, 1780(e) and 1794(d);

7.      Such other and further relief this court may deem just and proper.

## JURY DEMAND

1.      Plaintiff demands a trial by jury.

Respectfully submitted,

DATED: June 7, 2016                    /s/ Stephen G. Recordon
                                       STEPHEN G. RECORDON
                                       Attorney for Plaintiff

Complaint

-21-

# EXHIBIT A



**Recordon & Recordon**
Attorneys at Law

225 Broadway, Suite 1900
San Diego, CA 92101
**619-236-1223 Office**
619-232-5325 Fax
sgrecordon@aol.com

February 9, 2016

Volkswagen Aktiengesellschaft
("Volkswagen AG")
through:

David Geanacopoulos
Executive Vice President of Corporate Affairs and General Counsel
Volkswagen Group of America, Inc
2200 Ferdinand Porsche Drive
Herndon, VA 20171

**Via Certified Mail, Return Receipt Requested**

    Re:    *2009 Volkswagen Diesel Jetta defective emissions system*
           **VIN: 3VWAL71K29M022299**
           **Our Client: Jose Benavides**

Dear Mr. Geanacopoulos:

    As I am sure you are well aware, Volkswagen diesel Jettas of the above year were sold in the United States despite the fact that they did not meet United States and California emissions standards, and therefore could not legally be sold in California, or anywhere in the United States. As I am sure you are also aware, these vehicles were sold with an unlawful "defeat device" that allowed these vehicles to mask the fact that they did not meet United States and California emissions standards. In other words, these vehicles could not lawfully be sold or operated in California or anywhere in the United States, and were therefore defective, and not merchantable in the United States.

    Our client, Jose Benavides, purchased one of these defective vehicles, a 2009 Jetta Sedan TDI ("Vehicle"). My client recently became aware of the fact that his Vehicle was defective and was equipped with an unlawful "defeat device" intended to hide the fact that this Vehicle could not meet California and United States emissions standards.

    This defect, present in the Vehicle from the time of its manufacture, constitutes a violation of both the express warranties provided with the Vehicle, and of the implied warranty of merchantability available to my client under the Magnuson-Moss Warranty Act, under California's Song-Beverly Consumer Warranty Act, and under California's Commercial Code and at common law.

David Geanacopoulos
Executive Vice President of Corporate Affairs and General Counsel
Volkswagen Group of America, Inc
February 9, 2016
Page 2

*Express warranties*

Volkswagen Aktiengesellschaft and Volkswagen Group of America, Inc made express warranties regarding the performance and parts of the Vehicle, including the emissions systems. Volkswagen Aktiengesellschaft and Volkswagen Group of America, Inc have been in breach of these warranties with regard to the Vehicle's emissions systems since the time of the Vehicle's manufacture, a fact only recently discovered by our client.

*Implied warranties*

Volkswagen Aktiengesellschaft and Volkswagen Group of America, Inc are also subject to the implied warranty of merchantability pursuant to the Magnuson-Moss Warranty Act, the California Sony-Beverly Consumer Warranty Act, California's Commercial Code and at common law. The Vehicle that Volkswagen Aktiengesellschaft and Volkswagen Group of America, Inc manufactured and sold to our client through your network of dealers cannot legally be sold in the United States, and is not merchantable.

*CLRA and UCL claims*

By falsely advertising and selling a vehicle that could not legally be sold in California or the United States in general, Volkswagen Aktiengesellschaft and Volkswagen Group of America, Inc also violated California's Consumer Legal Remedies Act and California's Business and Professions Code §§17200 et seq and 17500 et seq.

Under the Magnuson-Moss Warranty Act, the California Sony-Beverly Consumer Warranty Act, California's Consumer Legal Remedies Act, California Business and Professions Code §§17200 et seq and 17500 et seq, and California's Commercial Code, my client is entitled to and demands that Volkswagen Aktiengesellschaft or Volkswagen Group of America, Inc either completely remedy this defect, or refund our client's money paid, in full.

*Potential remedies*

Our client, who lives in La Habra, is willing to allow Volkswagen Aktiengesellschaft and Volkswagen Group of America, Inc to repair his defective Vehicle, as long as the repair leaves the Vehicle with the same or better fuel efficiency, and the same or better horsepower. If Aktiengesellschaft and Volkswagen Group of America, Inc has a local facility where they would like our client to take the Vehicle for such repairs, please advise this office within thirty days. If there is any particular warranty procedure which Volkswagen Aktiengesellschaft and Volkswagen Group of America, Inc would like our client to follow in enforcing his warranty claims, please advise this office within thirty days.

David Geanacopoulos
Executive Vice President of Corporate Affairs and General Counsel
Volkswagen Group of America, Inc
February 9, 2016
Page 3

In all likelihood, however, neither Volkswagen Aktiengesellschaft nor Volkswagen Group of America, Inc is going to be able to modify or repair the Vehicle to both meet California and United States emission standards, while retaining the Vehicle's fuel efficiency and horsepower.

Therefore, if Volkswagen Aktiengesellschaft and Volkswagen Group of America, Inc are unable or unwilling to completely repair the defective emissions system in our client's Vehicle within thirty days, then our client demands a full refund of all amounts paid for the Vehicle.

Please be advised that your failure to comply with this demand within thirty (30) days may subject you to the following remedies, under the statutes and common law theories listed above, including actual damages, civil penalties, including a civil penalty of up to double actual damages under California's Song-Beverly Consumer Warranty Act, punitive damages, costs and attorney's fees, and any other relief that the court deems proper.

We look forward to an amicable resolution of this matter.

Sincerely,

Stephen G. Recordon

SGR:ns
geanaco2-9-16.ns – Benavides

# EXHIBIT B

Stephen G. Recordon (SBN 91401)
**Recordon & Recordon**
225 Broadway, Suite 1900
San Diego, CA  92101
Phone: (619) 232-1717
Facsimile: (619) 232-5325
Email: sgrecordon@aol.com

Attorneys for Plaintiff JOSE BENAVIDES

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, NORTHERN DIVISION

| | | |
|---|---|---|
| JOSE BENAVIDES, | ) | CASE No. |
| | ) | |
| Plaintiffs, | ) | AFFIDAVIT REGARDING |
| | ) | VENUE PURSUANT TO |
| vs. | ) | CALIFORNIA CIVIL CODE §1780 |
| | ) | |
| VOLKSWAGEN | ) | |
| AKTIENGESELLSCHAFT and | ) | |
| VOLKSWAGEN GROUP OF | ) | |
| AMERICA INC | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

I, Stephen G. Recordon, hereby declare as follows:

1.    I know personally of the matters below, and if called to testify under oath in this matter could and would competently testify as follows:

2.    I am counsel for Plaintiff in the above-captioned matter.

/ / /

/ / /

/ / /

/ / /

Venue Affidavit

-1-

3.    This action has been commenced in a county described in California Civil Code § 1780 as a proper place for the trial of the action. Both of the named defendants in this matter do business in this county, and the transactions or a substantial portion thereof occurred in this county.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated this 8th day of June 2016 in San Diego, California.


Respectfully submitted,


STEPHEN G. RECORDON
Attorney for Plaintiff

Venue Affidavit

-2-